UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAURICIO MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>MARIN GAMBOA, Warden,<br><br>    Respondent. | No. 2:26-cv-01078-FMO-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**INTRODUCTION**

On January 28, 2026, the Court received from Mauricio Morales ("Petitioner"), a state prisoner proceeding pro se, a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Dkt. 1, "Petition" or "Pet."), together with a supporting memorandum of points and authorities (Dkt. 5, "Pet. Mem."). Petitioner, who was convicted of attempted murder with enhancements in 2003, is serving a state sentence of 32 years to life. Pet. at 2; Pet. Mem., Exhs. 1, 4. Petitioner previously challenged his underlying state court conviction in a federal habeas petition in 2009, which was dismissed with prejudice as untimely on April 25, 2010. See Morales v. Herndon, Case No. 2:09-cv-02406-SJO-CW (C.D. Cal.), Dkt. 1, 15. In the

1

instant Petition, Petitioner challenges a 2024 resentencing hearing, arguing that the trial court denied him relief under Cal. Penal Code §§ 1172.7, 1172.75, 1172.1, and 1172.6 by failing to conduct "a full resentencing" in violation of his Fourteenth Amendment due process and equal protection rights. Pet. at 5-6; Pet. Mem. at 1-2, 5-9. He further maintains that his appointed counsel rendered ineffective assistance by doing "little to nothing, to ensure that [he] received the benefits of the New Laws that affected his Constitutional Rights[.]" Pet. at 6; Pet. Mem. at 3.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition and orders Petitioner to respond as set forth further below.

## II.

## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, it appears Petitioner has not stated any cognizable claims, rendering the Petition subject to dismissal.

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody only on the ground that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (quoting McGuire, 502 U.S. at 67-68). Matters relating to state sentencing are governed

2

by state law and generally are not cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); see also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam); Moore v. Chrones, 687 F. Supp. 2d 1005, 1040 (C.D. Cal. 2010) ("A challenge to a state court's application of state sentencing laws does not create a federal question cognizable in federal habeas review."). To state a cognizable federal habeas claim based on a claimed state sentencing error, the petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (quoting Lewis, 497 U.S. at 780). However, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of a federal constitutional right. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified). Alleged errors in the application of state law are not cognizable on federal habeas review. Id.

Here, Petitioner seeks federal habeas relief on the grounds that the trial court erred in resentencing him and his appointed attorney rendered ineffective assistance by failing "to ensure that [P]etitioner received the benefits of the New Laws[.]" See Pet. at 5-6. Federal district courts, however, have repeatedly held that challenges to resentencing proceedings pertain solely to the state court's interpretation and application of state sentencing law and therefore, are not cognizable on federal habeas review. See, e.g., Polk v. Parker, 2025 WL 1592675, at *2 (N.D. Cal. June 5, 2025); Crow v. Cal. Dep't of Corrs. & Rehab., 2025 WL 1370230, at *1-2 (E.D. Cal. May 12, 2025), adopted by 2025 WL 1727119 (E.D. Cal. June 20, 2025); Dean v. St. Andre, 2024 WL 4733510, at *2 (N.D. Cal. Oct. 30, 2024); Issac v. Atchley, 2023 WL 2169104, at *2-3 (C.D. Cal. Jan. 24, 2023), accepted by 2023 WL 2167373 (C.D. Cal. Feb. 21, 2023); Walker v. Cal. Supreme Ct., 2022 WL 11337927, at *2 (C.D. Cal. Sept.

13, 2022), accepted by 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2006) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). That Petitioner claims the resentencing hearing violated his federal constitutional rights does not render his claims cognizable on federal habeas review. See Langford, 110 F.3d at 1389; Gomez v. Godwin, 2021 WL 1257553, at *4 (C.D. Cal. Jan. 25, 2021) (claims that denial of resentencing petition violated due process and equal protection do not transform state law issue into federal one), accepted by 2021 WL 871984 (C.D. Cal. Mar. 8, 2021); Young v. Cueva, 2021 WL 371752, at *3 (C.D. Cal. Jan. 8, 2021) (finding petitioner's conclusory characterizations of the state courts' alleged errors as violations of due process and/or equal protection did not transform non-cognizable state law issues into cognizable federal ones), accepted by 2021 WL 784954 (C.D. Cal. Mar. 1, 2021). Petitioner has failed to cite any evidence in the record or elsewhere to demonstrate the trial court's allegedly erroneous sentencing decision was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment" violation. See Richmond, 506 U.S. at 50 (citation omitted).

In addition, Petitioner's ineffective assistance of claim is not cognizable because there is no federal constitutional right to post-conviction counsel for resentencing proceedings. See Polk, 2025 WL 1592675, at *2; Boone v. Vang, 2025 WL 2933609, at *5 (C.D. Cal. Aug. 28, 2025), accepted by 2025 WL 2926757 (C.D. Cal. Oct. 13, 2025). The federal constitution's right to counsel applies to trial and the first appeal as of right, but no further. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). As no federal constitutional right to counsel exists, there is no claim for ineffective assistance of counsel based on federal law. See Polk, 2025 WL 1592675, at *2; Boone, 2025 WL 2933609, at

*5; <u>Goni v. Phillips</u>, 2025 WL 2471776, at *5, 9-10 (C.D. Cal. July 16, 2025), <u>accepted by</u> 2025 WL 2469179 (C.D. Cal. Aug. 27, 2025).

As such, it appears the Complaint fails to state a cognizable claim.

## III.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE in writing, by <u>no later than thirty (30) days from the date of this Order</u>, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above.

<u>Alternatively</u>, instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide a Notice of Dismissal form.</u> However, the Court warns that any dismissed claims may be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).**

Dated: February 13, 2026

_____
JOHN D. EARLY
United States Magistrate Judge